SO ORDERED.

Dated: August 5, 2024

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceedings |
| PAUL F. SEIFERTH, | ) ) | Case No: 3:23-bk-08817-DPC |
| Debtor. | ) ) ) ) | **UNDER ADVISEMENT ORDER RE DEBTOR'S MOTION FOR RELIEF FROM JUDGMENT** |
| | ) ) ) | (Not for Publication – Electronic Docketing ONLY) [1] |

Before this Court is Lawrence Warfield's ("Trustee") Objection to Paul Seiferth's ("Debtor") amended exemption claims and Debtor's Motion for Relief from Judgment. The Court heard oral argument from both parties and then took this matter under advisement. After considering the parties' briefs and arguments, the Court finds that Debtor is entitled to relief from judgment, and that, even if the Court did not grant this relief, Debtor's subsequent amended exemption claims are not barred by the doctrine of claim preclusion. The Court hereby grants Debtor's Motion and denies Trustee's Objection. The Court's analysis is set forth below.

## I.    BACKGROUND

On December 7, 2023, Debtor filed his chapter 7 bankruptcy petition, schedules, and statements. Debtor claimed his 2009 Monaco RV ("RV") as exempt under

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

A.R.S. § 33-1101(A)(4) ("Homestead Exemption").[2] On February 23, 2024, Trustee filed an Objection to Exemption ("First Objection") asserting that Debtor's RV did not qualify as a mobile home under A.R.S. § 33-1101(A)(4).[3] On March 18, 2024, Debtor filed a Position in Response to Trustee's First Objection ("Position Statement") acknowledging that Debtor's RV did not qualify for a Homestead Exemption under the Arizona Supreme Court's February 23, 2024 decision in *In re Drummond*.[4] In his Position Statement, Debtor stated that he "[would] amend his exemption to one under A.R.S. § 33-1125(8)" and claim an additional exemption under A.R.S. § 33-1126(A)(1).[5] On March 19, 2024, Trustee filed a Certificate of Service and No Objections ("Certificate") which certified that the objection bar date had passed, that "no objections [had] been received by [Trustee's] counsel," and that Debtor conceded that *In re Drummond* invalidated Debtor's asserted Homestead Exemption.[6]

On March 25, 2024, the Court entered an order ("Order")[7] sustaining Trustee's First Objection. Eight days later, Debtor formally amended his schedules to remove his Homestead Exemption claim and assert a motor vehicle exemption claim in the RV pursuant to A.R.S. § 33-1125(8) ("Vehicle Exemption").[8] Trustee objected to Debtor's Vehicle Exemption ("Second Objection"), asserting that Debtor's claimed Vehicle Exemption was barred by claim preclusion.[9] Debtor responded contending that his Vehicle Exemption was not barred because that exemption arises under different operative facts and did not involve the same type of exemption claim.[10] Trustee replied.[11]

---

[2] Administrative case docket entry ("DE") 1.
[3] DE 19, pages 1–2.
[4] DE 24; *In re Drummond*, 543 P.3d 1022, 1026–27 (Ariz. 2024) (holding that motor homes do not qualify as mobile homes and therefore are ineligible for homestead exemptions under A.R.S § 33-1101(A)(4)).
[5] DE 24, page 1.
[6] DE 25; *In re Drummond*, 543 P.3d at 1026–27.
[7] DE 34.
[8] DE 35, pages 2–7.
[9] DE 38, pages 1–3.
[10] DE 44, pages 4–8.
[11] DE 46.

On May 23, 2024, Debtor filed a Motion for Relief from Judgment ("Rule 60(b) Motion") in which Debtor asked the Court for relief under Federal Rule of Civil Procedure 60(b)(1), (3), or (6) on the grounds that: (1) the Court's Order granting Trustee's First Objection was not limited to the relief sought and therefore constituted a surprise, (2) Trustee made misrepresentations which led to the Court issuing the Order, and (3) the Court has and should exercise the power to grant Debtor relief from judgment to ensure an equitable result.[12] Trustee objected to the Rule 60(b) Motion.[13] Debtor responded arguing that the Court should use its discretionary power to vacate its Order to "accomplish justice."[14]

## II. JURISDICTION

The Court has jurisdiction over this bankruptcy case and the issues described pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B).

## III. ISSUES

Whether grounds exist to grant Debtor's Rule 60(b) Motion and whether the doctrine of claim preclusion bars Debtor from amending his exemption claims.

## IV. THE LAW

### A. RULE 60(b) MOTION

Under Federal Rule of Bankruptcy Procedure 9024 Federal Rule of Civil Procedure 60 ("Rule 60") applies in contested matters. Rule 60(b) provides, in relevant

---

[12] DE 48, pages 4–6; Fed. R. Civ. P. 60(b).
[13] DE 51, page 2.
[14] DE 52, page 6.

part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     …
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     …
>     (6) any other reason that justifies relief.[15]

Rule 60(b)(1) surprise occurs when an event contrary to a party's understanding happens as a result of confusion or misunderstanding.[16] Under Rule 60(b)(3), a misrepresentation occurs when an inaccurate statement or representation by a party "prevented the losing party from fully and fairly presenting his case or defense."[17] Rule 60(b)(6) is a "catch-all" provision that only applies when the reason for granting relief is not covered by any other subsection set forth in Rule 60(b).[18] Rule 60(b)(6) "is a grand reservoir of equitable power" that gives bankruptcy courts discretionary power as courts of equity to "reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders."[19] Rule 60(b)(6) provides courts with the authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."[20] In general, Rule 60(b) is meant to be remedial in

---

[15] Fed. R. Civ. P. 60(b).
[16] *In re Walker,* 332 B.R. 820, 829 (Bankr. D. Nev. 2005) (noting that, under Rule 60(b)(1), a surprise "may be found in circumstance[s] where there is some reason for confusion or misunderstanding by the parties."); *Hung Ha v. McGuiness*, No. C 07-3777-SBA, 2009 U.S. Dist. LEXIS 18561, at *3 (N.D. Cal. Feb. 23, 2009); *see also Lima v. United States Dep't of Educ.*, No. 15-00242 KSC, 2017 U.S. Dist. LEXIS 83476, at *4 (D. Haw. May 31, 2017).
[17] *Atchison, T. & S. F. R. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).
[18] *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing *Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n. 8 (9th Cir. 2002)).
[19] *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434, 439 (9th Cir. 2019); *see also Cohen v. Cohen (In re Cohen)*, 656 B.R. 798, 805 (B.A.P. 9th Cir. 2023).
[20] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988) (citing *Klaprott v. United States*, 335 U.S. 601, 614–15 (1949)); *see also Kohut v. United Healthcare Ins. Co. (In re LSC Liquidation, Inc.),* 699 F. App'x 503, 508–09 (6th Cir. 2017) ("modifying an order may be an appropriate form of relief under Rule 60(b)"); *In re Haddad*, 572 B.R. 661, 677 (Bankr. E.D. Mich. 2017).

Case 3:23-bk-08817-DPC    Doc 55    Filed 08/05/24    Entered 08/05/24 15:54:21    Desc
Main Document    Page 4 of 8

nature and, therefore, must be liberally applied by courts.[21]

## B. CLAIM PRECLUSION

Federal Rule of Bankruptcy Procedure 1009(a) ("Bankruptcy Rule 1009(a)") allows debtors to amend their schedules "at any time before the case is closed."[22] Exemption amendments to debtors' schedules "should be liberally allowed" and construed by bankruptcy courts.[23] However, the ability to amend claimed exemptions is not without bounds. As the Ninth Circuit has noted:

> To hold otherwise would not only undermine the finality of exemption orders, but would considerably frustrate the trustee's duty to expeditiously close the debtor's estate. Debtors can amend their exemptions as a matter of course [under Bankruptcy Rule 1009(a)] so if orders denying exemptions carry no preclusive weight, debtors could delay matters by claiming the same property as exempt time and time again. Debtors could also decline to meaningfully press their claims, and creditors would bear the brunt of such behavior, as the relitigation of resolved issues would drain estate—not to mention judicial—resources. Those burdens are precisely what the preclusion doctrines were designed to avoid, and they remain available to the bankruptcy courts when ruling on previously denied claims.[24]

In context of this case, two preclusive doctrines bear mentioning: Issue Preclusion (formerly known as collateral estoppel) and Claim Preclusion (formerly known as res judicata).[25] Neither party is arguing that the Vehicle Exemption claim is barred by the doctrine of issue preclusion, so this Court will focus on the doctrine of claim preclusion.

Claim preclusion bars litigation in a subsequent action of "any claims that were raised or could have been raised in the prior action."[26] For this doctrine to apply, there

---

[21] *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also Butner v. Neustader*, 324 F.2d 783, 786 (9th Cir. 1963).
[22] Fed. R. Bankr. P. 1009(a).
[23] *In re Magallanes,* 96 B.R. 253, 256 (B.A.P. 9th Cir. 1988); *Martinson v. Michael (In re Michael)*, 163 F.3d 526, 529 (9th Cir. 1998).
[24] *Albert v. Golden (In re Albert)*, 998 F.3d 1088, 1092 (9th Cir. 2021) (internal citations omitted).
[25] *See In re Berr*, 172 B.R. 299, 306 n. 4 (B.A.P. 9th Cir. 1994) ("collateral estoppel is synonymous with the concept of issue preclusion [and can be] distinguished from res judicata, or claim preclusion.") (internal quotations omitted).
[26] *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997); *see also New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (holding that judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.").

must be "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties."[27]

Some courts have held that in certain circumstances the "principles of [claim preclusion] prohibit debtor[s] from relitigating the exemptibility of the cause of action, even if [they] can come up with a new theory [under a different statute]."[28] Claim preclusion, however, should not be applied when one or both parties have "little motivation or incentive" to fully litigate an issue.[29]

## V. ANALYSIS OF THE LAW APPLIED TO THE FACTS OF THIS CASE

### A. RULE 60(b) MOTION

In this matter, sufficient circumstances exist for the Court to find that actual confusion and misunderstanding were present between the parties and the Court. Based on Debtor's Position Statement, all parties understood that Debtor was no longer pursuing the Homestead Exemption claim in the RV. All parties knew that Debtor intended to amend his schedules to claim different exemptions pertaining to the RV. Debtor was understandably surprised by entry of the Order, especially to the language of the Order that might be construed to block subsequent exemption amendments. Based on such actual confusion and misunderstanding, the Court finds that Debtor was reasonably surprised by the Order within the meaning of Rule 60(b)(1).[30] The Court, however, finds there is no basis for relief in favor of the Debtor pursuant to Rule 60(b)(3). The Debtor has failed to demonstrate fraud, misrepresentation or misconduct was committed by Debtor's opponent.

---

[27] *Glickman*, 123 F.3d at 1192.
[28] *Warfield v. Nance (In re Nance)*, 658 B.R. 152, 163 (D. Ariz. 2024) (quoting *In re Marshall*, 244 B.R. 399, 399–400 (Bankr. D. Minn. 1998)).
[29] *See Lovell v. Mixon*, 719 F.2d 1373, 1377–78 (8th Cir. 1983).
[30] DE 24; Fed. R. Civ. P. 60(b)(1); *Lima*, 2017 U.S. Dist. LEXIS 83476, at *4.

Even if Rule 60(b)(1) was not satisfied, the Court nonetheless finds that there were extraordinary circumstances here that warrants relief under Rule 60(b)(6). Exemptions are to be liberally construed in favor of debtors. In Debtor's Position Statement, Debtor promptly notified the Court and Trustee that he was withdrawing his Homestead Exemption in light of the Arizona Supreme Court's recent decision in *In re Drummond*. Debtor also indicated he would amend his exemptions pertinent to the RV, as allowed under Bankruptcy Rule 1009(a).[31] In hindsight, it certainly would have been more efficient to clearly and forcefully announce the exemption amendment in the Position Statement but all knew Debtor continued to claim the RV as exempt. Given the judicial policy favoring liberal allowance of exemptions, and the fact that Debtor provided notice that he was going to claim the RV as an exemption in a subsequent pleading, this Court finds sufficient cause exists to justify relief in favor of Debtor under Rule 60(b)(6).

In view of the Court's analysis above, the Court now hereby vacates its Order. Debtor has now amended his Schedules to claim the RV exempt under the Arizona Vehicle Exemption. The Court's analysis could stop here but, for the sake of touching all bases presented to the Court, it will now determine whether Debtor's Vehicle Exemption might be barred by the doctrine of claim preclusion.

**B.  CLAIM PRECLUSION**

Bankruptcy Rule 1009(a) allows debtors to amend their exemption claims "at any time."[32] The Trustee cites to the Arizona District Court of *In re Nance* where the court limited Bankruptcy Rule 1009(a) by precluding subsequent exemption claims on the same property after final orders were entered denying earlier exemptions claimed in that property.[33] The case before this Court is distinguishable. The court in *In re Nance* held that claim preclusion barred all future homestead exemption claims in a debtor's RV once

---

[31] DE 24; Fed. R. Bankr. P. 1009(a); *In re Drummond*, 543 P.3d at 1026–27.
[32] Fed. R. Bankr. P. 1009(a).
[33] *In re Nance*, 658 B.R. at 162–63.

final orders denied the debtor's claimed homestead exemption.[34] This case before the Court is different because it deals with two different types of exemptions (motor vehicle and homestead exemptions), whereas *Nance* dealt exclusively with the same type of exemption (homestead exemptions) under different statutes.

Additionally, even if the facts of this case qualify under the traditional three-part claim preclusion analysis, this Court finds that the doctrine should not apply here because Debtor had little motivation to fully litigate all issues of exemptibility prior to the issuance of the Order. Debtor understandably relied on Bankruptcy Rule 1009(a) and its language which permits debtors to amend their schedules at any time in the bankruptcy process. Further, Debtor had no reason to believe that he had to fully litigate the issue of the Homestead Exemption after previously having notified the Court and Trustee that he had withdrawn that claim. The Court finds the doctrine of claim preclusion does not apply to Debtor's Vehicle Exemption claim. The Trustee's Second Objection is denied.

## VI. CONCLUSION

The Court grants Debtor's Motion. Issuance of this Court's Order constituted a surprise to Debtor within the meaning of Rule 60(b)(1). Further, relief from the Order is justified under Rule 60(b)(6). The Court also denies Trustee's Second Objection on the grounds that claim preclusion does not apply in this case. The Court hereby vacates its prior Order and allows Debtor's claimed RV Vehicle Exemption.

**ORDERED**

**DATED AND SIGNED ABOVE.**

**To be Noticed through the BNC to:**
Interested Parties

---

[34] *Id.* at 167.